**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Action No. 07-cv-01727-LTB

MARIE BRADEN,

    Plaintiff,

v.

KMART CORPORATION,

    Defendant.

_____

**ORDER**
_____

This personal injury case is before me on Plaintiff, Marie Braden's, Objection to Defendant's Notice of Removal [**Docket # 3**], and Defendant, Kmart Corporation's, Response [**Docket # 7**]. Plaintiff requests I issue an Order to Show Cause why this case should not be remanded to the state court. As it is clear I have no jurisdiction over this matter, however, I construe Plaintiff's Objection as a Motion to Remand and remand to the state court. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

Plaintiff is a Colorado resident and Defendant is a Michigan corporation with its principal place of business in Michigan. Plaintiff commenced this action in Adams County District Court on July 2, 2007. Defendant filed a notice of removal on August 16, 2007, invoking diversity jurisdiction under 28 U.S.C. § 1332(a). To prove the amount in controversy, Defendant argues—disregarding Plaintiff has provided no evidence of her damages nor the amount—the extensive injuries alleged by Plaintiff demonstrate Plaintiff's claims for damages exceed

$75,000.00. Furthermore, and relevant to this Order, Defendant proffers the Colorado Supreme Court Form JDF 601—"District Court Civil Case Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-claim or Third Party Complaint"—filed with the complaint [hereinafter "Civil Cover Sheet"]. The Civil Cover Sheet states Plaintiff "is seeking monetary judgment for more than $100,00.00."

Judges in this District have reached differing conclusions on the question of whether the representations by a Plaintiff on a Civil Cover Sheet are sufficient evidence of the amount in controversy to permit removal of an action under 28 U.S.C. § 1332. The Tenth Circuit has not ruled on the issue.

Many cases hold a representation on a Civil Cover Sheet—stating plaintiff is seeking a monetary judgment in excess of $100,000.00—is sufficient proof that the amount in controversy exceeds $75,00.00. *See, e.g., Shylayeva-Kuchar v. Liberty Mut. Fire Ins. Co.*, No. 06-cv-01417-EWN-BNB, 2006 WL 2942939 (D. Colo. Oct. 13, 2006); *Janice W. McGrew Living Revocable Trust v. Anadarko Land Corp.*, No. 96-cv-00842-MEH-BNB, 2006 WL 2038168 (D. Colo. July 19, 2006); *Master v. Allstate Ins. Co.*, No. 05-cv-02200-WYD-PAC, 2006 WL 1041702 (D. Colo. Apr. 19, 2006); *Henderson v. Target Stores*, 431 F. Supp. 2d 1143 (D. Colo. 2006); *Wells v. Am. Fam. Ins. Group*, No. 05-cv-02431-REB-BNB, 2006 WL 561554 (D. Colo. March 3, 2006).

In cases that hold otherwise, specific facts often conclusively demonstrate the amount in controversy did or did not exceed $75,000.00. *See, e.g., Bishelli v. State Farm Mut. Auto. Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852 (D. Colo. May 15, 2007) (holding that although a Civil Cover Sheet should not be construed as a factual representation or admission for

the purposes of determining the amount in controversy, the complaint clearly alleged an amount in excess of $75,000.00); *Arcadia Lodging, LLP v. Landamerica Fin. Group, Inc.*, No. 06-cv-02267-JLK, 2007 WL 437771 (D. Colo. Feb. 6, 2007) (The maximum loss alleged by any individual plaintiff—out of nine total plaintiffs—was $18,779.92.  The claims were for specific and individual amounts not aggregable for the purposes of calculating the amount in controversy under 28 U.S.C. § 1332.  *Snyder v. Harris*, 394 U.S. 332, 335 (1969).  Thus, while the combined total damages exceeded $100,000.00—as indicated on the Civil Cover Sheet—this did not form a basis for diversity jurisdiction.); *Avalanche Fiber Optics, Inc. v. Penn-Star Ins. Co.*, No. 06-cv-01664-WYD-CBS, 2006 WL 2781345 (D. Colo. 2006) (applying a similar reasoning to that applied in *Arcadia Lodging* regarding aggregation of claims).

At least two Judges in this District, however, have specifically declined to construe averments on the Civil Cover Sheet to adequately establish the amount in controversy.  *See, e.g., Livingston v. Am. Family Mut. Ins. Co.*, No. 07-cv-01896-JLK-MJW, 2007 WL 2601207 (D. Colo. Sept. 10, 2007); *Harding v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134 (D. Colo. 2007); *Kenney v. Alberico*, No. 07-cv-01215-WDM, 2007 WL 1725238 (D. Colo. June 12, 2007); *Vessa v. Liberty Mut. Fire Ins. Co.*, No. 07-cv-00737-WDM-MEH, 2007 WL 1216358 (D. Colo. April 24, 2007).

I find this latter view to be the better view.  Federal courts do not recognize subject matter jurisdiction by estoppel.  *Ins. Corp. of Ireland, supra*, 456 U.S. at 702.  "Subject matter jurisdiction is not a matter of equity or of conscience or of efficiency, but is a matter of the lack of judicial *power* to decide a controversy."  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 874 (10th Cir. 1995) (citations omitted).  In this Circuit, "courts must rigorously enforce Congress' intent to

restrict federal jurisdiction in controversies between citizens of different states." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998).

There is a presumption against removal jurisdiction. *Laughlin*, *supra*, 50 F.3d at 873. The amount in controversy must be affirmatively established and cannot merely be conceded. *Id.* at 874. A plaintiff's unsupported statement that the amount in controversy has been met cannot later be used as a basis for the defendant to remove over the plaintiff's objection. *See id.* (disagreeing with the holding in *Shaw v. Dow Brands, Inc.*, 994 F.2d 364 (7th Cir. 1993)). Thus, Plaintiff's statement on the Civil Cover Sheet that she is seeking a monetary judgment greater than $100,000.00 is insufficient to establish an amount in controversy that would confer diversity jurisdiction on this Court.

The rule that limits my jurisdiction to cases properly before me is inflexible and without exception. *Ins. Corp. of Ireland, supra*, 456 U.S. at 702. Where a party does not raise a proper subject matter jurisdiction challenge, I am required to do so *sua sponte*. *Id*.

Accordingly, on my own motion, I find I have no jurisdiction over this matter and REMAND to the state court for lack of jurisdiction.

Dated: September  20 , 2007.

                                        BY THE COURT:

                                          s/Lewis T. Babcock
                                        Lewis T. Babcock, Judge